And I hope I pronounced it right. If not, you can correct me. Yes, Your Honor. Thank you. Good morning. Niloufar Mazhari. May it please the Court, appearing for the petitioners. Fairly limited issue of whether the BIA should have allowed the motion to reopen to consider the brief that was filed further to the denial of the underlying case at the merits hearing. So, essentially, merits hearing was held in September of 2024. The matter was denied October of 2024. A timely notice of appeal was filed. However, a brief was not filed with the BIA, which caused the BIA to summarily dismiss the appeal. We filed a timely motion to reopen, which DHS did not oppose, explaining the circumstances, why there was an error. Essentially, because there was miscommunication between our office and the client, some financial issues, but primarily miscommunication. So, when we filed the motion to reopen, we did file our brief, which, granted, should have been filed earlier. But that's the issue before the Court, is whether the BIA abuses discretion by not allowing the brief to be considered. So, just based on the fact that it is a discretionary matter, we understand that. Primarily, the underlying, the courts, generally the law, preferring to dispose of matters based on their merits, as opposed to procedural issues, especially something like this, which is a failure by an attorney to file something in a timely manner, which was, again, corrected later. And additionally, the fact that the government did not oppose the underlying motion to reopen, we respectfully submit. And finally, the fact that the case in and of itself is quite meritorious, in our opinion, the matter should be remanded to the BIA for full consideration on the merits. Let me make sure if I understand the record. The brief wasn't filed, and there was no motion for an extension of time? Correct. So, the BIA, the only thing the BIA had in front of it is no brief, right? Correct. Okay, thank you. Any other questions? Okay. May it please the Court. Robert Tennyson for the government. Three things. The instant petition for review should be denied. The petitioners, in their opening brief, waived any challenge to the board's March 27, 2015, decision denying the motion to reopen. Not contesting it, but because it wasn't contested. Second, the petitioners challenged a summary dismissal order. That's untimely. It comes more than 30 days after, 30 days before the petition for review was filed, and third, you can't reach the merits of the case because, again, the case was summarily denied. I think the petitioner here made the point that the government didn't oppose, but there's no statement that the government that, in the motion to reopen, that was filed before the board. I just double-checked. There's no indication that DHS affirmatively stated that it had no opposition. It's just the motion to reopen. It just didn't file. DHS didn't file. DHS could have filed, but it doesn't, whether or not DHS opposed it. No, I understand. I think your point was they didn't affirmatively say, we agree, but they just didn't file anything. They just didn't file. That is correct. So, because the issue is waived with regard to the motion to reopen, and any consideration of the summary dismissal is untimely, this court should affirm the board's decision, the agency decision. This court has no questions for it. Counsel, how do you respond to opposing counsel's argument? Of course, typically try to decide cases on the merits, not on procedural defects or defaults. Why should we not overlook the delay here? What's the harm? So, one, I'm assuming the merits of the immigration judge's decision or the merits of the summary denial. Well, we're not going to get to the merits of the immigration decision because of the procedural flaws. Right. That's just a puritanary issue. I mean, the agency's reasoning for its decision in the summary denial, that means that whatever the immigration judge said below, those aren't the reasons of the agency. So, we can't get to that. And second, you can't even get to the summary denial because it's untimely. The petition for review was filed more than 30 days after the summary denial decision, so that's not even before the court. And what was the deadline? What was the deadline? So, the deadline for the petition review, if they had wanted to file a petition for review from the summary denial, which was on February 6th, 2025, it would have had to have been filed by March 3rd, assuming that's not a weekend, of 2025. But the petition for review didn't come until March 27th, after the, wait, April of, I think April 16th of 2025, which is more than two months after it would have been, well, more than a month after it would have needed to be filed. It's within 30 days of the denial of the motion to reopen, but not 30 days of the summary dismissal. If this court has no further questions for me, government rest. Thank you. Very good. Rebuttal. Thank you, Judge. Just very briefly, it's kind of six of one, half a dozen of the other defendants, DHS's argument. We just want the matter considered on the merits. So, and again, there is a very clear policy in our laws that matters should be disposed of in their merits. Given that they did not oppose the motion to reopen, I understand that doesn't necessarily mean that they didn't concede it, but they didn't oppose it. So, should the case go back to the BIA for consideration on the merits of the factual statements and the decision made by the IJ, again, we believe in the interest of justice. That should happen. We just want to be heard on the merits of the case. So, with that, we submit. Thank you. Thank you both for your arguments this morning. The case just heard will be submitted for decision, and we will be in recess for the morning.
judges: THOMAS, GOULD, Morris